UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Carlos Cid,

                Plaintiff,

—v—

J. T. Auto & Body Shop, Inc.,

                Defendant.

18-CV-9284 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff's motion for the entry of default judgment and request for attorneys' fees. For the following reasons, the Court GRANTS the motion and enters judgment as to Defendant's liability. The Court refers the matter to the Magistrate Judge for an inquest into damages and a Report and Recommendation on attorneys' fees.

I.   **Background**

On October 10, 2018, Plaintiff Carlos Cid filed a complaint against Defendant J.T. Auto & Body Shop, Inc., alleging that Defendant, who previously employed Plaintiff, failed to pay the appropriate minimum wage or overtime compensation for his work as required by the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). *See* Dkt. No. 1 ¶¶ 21-22, 24-33. Plaintiff also alleged that Defendant did not pay him the required spread-of-hours and failed to provide sufficient notice to Plaintiff of federal and state wage requirements. *See* Dkt. No. 1 ¶¶ 23, 34-35, Dkt. No. 20-5 ¶¶ 19-20. Defendant was served in October and December 2018, as well as January and February 2019. *See* Dkt. Nos. 5, 13, 15, 18, 23.

Defendant failed to appear or otherwise respond to the complaint. Accordingly, Plaintiff submitted a Proposed Clerk's Certificate of Default against Defendant on November 14, 2018.

1

Dkt. Nos. 8-9. On November 15, 2018, a certificate of default was entered as to the Defendant. Dkt No. 10. On December 18, 2019, Plaintiff moved for default judgment, and Plaintiff's counsel requested attorneys' fees. Dkt No. 14.

**II.   Legal Standard**

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend. The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 54(c).

Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded. *See Mickalis Pawn Shop*, 645 F.3d at 137. Once a party is in default, "a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative and Sec. Servs., Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). But because a party in default does not admit conclusions of law, a district court must determine whether the plaintiff's allegations are sufficient to establish the defendant's liability as a matter of law. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If liability is established, then the Court must also evaluate damages. "Even when a

2

default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). "Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Vozza v. Pollack*, No. 14-cv-4879, 2016 U.S. Dist. LEXIS 79468, at *2 (S.D.N.Y. June 15, 2016) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

### III.  Discussion

#### A.  Default Judgment Is Warranted

Plaintiff's Complaint states that he was employed by Defendant from May 15, 2014 through December 31, 2016, and from February 19, 2018 through May 31, 2018. Plaintiff alleges that he was paid below the minimum wage for a portion of this period. From February 19 to May 31, 2018, Plaintiff alleges he worked 40 hours per week, and Defendant paid him either $20 per day or "no more than" $80 per week. Dkt. No. 1 ¶¶ 19-20. The alleged compensation amounts to a maximum of $100 per week of 40 hours of work, or $2.50/hour, which falls below the 2018 federal and New York minimum wages. *See* 29 U.S.C. § 206(a)(1) (setting a federal minimum wage of $7.25 per hour); N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.1 (requiring small employers in New York City to pay employees $12.00 per hour in 2018). Plaintiff also alleges he was required to work in excess of 40 hours per week without overtime pay. Dkt. No. 1 ¶ 22; *See* 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2. Specifically, he alleges that from May 15, 2014 through December 31, 2016, he worked 17-hour shifts on certain Saturdays in addition to the 40-hour workweek, resulting in an average of more than 40 hours

per week without additional compensation. Dkt. No. 1 ¶¶ 17-18. Finally, Plaintiff alleges that he was not paid spread-of-hours compensation for those days on which he worked a 17-hour shift. Dkt. No. 1 ¶ 23; *see* N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.4 ("An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours.").

In light of these allegations, the Court finds Plaintiff's claims are sufficiently pled and that default judgment is warranted.

### B. Plaintiff Provides Insufficient Evidence of Damages

Given that liability is established, the remaining question is whether the plaintiff has provided support for the sought-after relief. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Canaveral v. Midtown Diner NYC, Inc.*, No. 19-cv-635, 2019 U.S. Dist. LEXIS 151080, at *4 (S.D.N.Y. Sept. 5, 2019) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). The plaintiff bears the burden of demonstrating his entitlement to damages "based on admissible evidence" such that the court may establish damages with "reasonable certainty." *House v. Kent Worldwide Mach. Works, Inc.*, 359 Fed. Appx. 206, 207 (2d Cir. 2010).

Though the plaintiff bears the burden of proving with reasonable certainty that he is owed damages, in a FLSA case, the remedial nature of the statute "militate[s] against making that burden an impossible hurdle for the employee." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). In the absence of proper records, a plaintiff's recollection and estimates are therefore presumed to be correct. *See id.* at 688 ("The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept

4

records in accordance with the requirements" of FLSA.); *Pelgrift v. 335 W. 41st Tavern, Inc.*, No. 14-cv-8934, 2017 U.S. Dist. LEXIS 168091, at *39 (S.D.N.Y. Sept. 28, 2017). Though it is not necessary, the Court may conduct a hearing or make referrals to determine the amount of damages. Fed. R. Civ. P. 55(b)(2).

Even presuming Plaintiffs' recollections are accurate, the Court does not find the submitted affidavit sufficient to establish the amount of damages with reasonable certainty. The Court therefore refers this matter to the Magistrate for an inquest into damages attributable to the relevant claims.

An inquest is necessary because Plaintiff's allegations are contradictory. From May 15, 2014 to December 31, 2016, Plaintiff alleges he worked 17-hour shifts "every second Saturday of the month (approximately 48.5 hours per week)." Dkt. No. 20-5 ¶ 9. However, if Plaintiff worked 40 hours each Monday through Friday and one 17-hour shift per month, as apparently alleged, his average monthly labor amounted to 44.25 hours per week. Alternatively, in the complaint, Plaintiff alleges he worked 17-hour shifts "every two (2) Saturdays," which would amount to approximately 48.5 hours per week. Dkt. No. 20-1 ¶ 17. The ambiguity as to the frequency of Plaintiff's 17-hour shifts also draws into question the alleged spread-of-hour days per period. Though Plaintiff alleges in Exhibit F that he worked 26 spread-of-hours days for the pay periods of January 1, 2015 to December 31, 2015 and January 1, 2016 to December 21, 2016, his allegation in the affidavit indicates he only worked twelve 17-hour Saturday shifts. The alleged spread-of-hour days in the period between May 15, 2014 and December 31, 2014 are in doubt for the same reason. *Id.*

Plaintiff's incomplete recollection can be partially excused because he alleges that Defendant did not maintain records of his employment. Dkt. 20-5 ¶¶ 21-22. However, the Court

5

cannot compute damages with "reasonable certainty" given this inconsistent record. *Kent Worldwide Mach. Works*, 359 Fed. Appx. at 207. An inquest is therefore necessary.

### C.     Plaintiff's Request for Fees Is Referred to the Magistrate Judge

Plaintiff also asks for attorneys' fees. The Court likewise refers the determination of fees to the Magistrate Judge.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for the entry of default judgment is GRANTED. The Court refers this matter to the Magistrate Judge for an inquest into damages and for a Report and Recommendation on Plaintiff's request for attorneys' fees. The Magistrate will set a schedule for supplemental submissions.

Dated:  September 26, 2019
        New York, New York

_____
ALISON J. NATHAN
United States District Judge

6