USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                :

CARLOS CID,                         :         18 Civ. 9284 (AJN) (RWL)

                                :

                  Plaintiff,    :    **REPORT AND RECOMMENDATION**

                                :    **TO THE HON ALISON J. NATHAN:**

        - against -           :    <u>**INQUEST DAMAGES**</u>

                                :

J.T. AUTO & BODY SHOP, INC.,    :

                                :

                  Defendant.   :

-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       Plaintiff Carlos Cid ("Cid" or "Plaintiff") seeks compensatory damages, liquidated damages, statutory penalties, costs, attorneys' fees and pre-judgment interest from Defendant J.T. Auto & Body Shop, Inc. ("J.T." or "Defendant") for violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL"). Defendant defaulted by failure to appear, and the matter has been referred to the undersigned for an inquest on Plaintiff's damages. Following a review of Plaintiff's submissions and the record in this matter, I recommend awarding Plaintiff's damages in the amounts as determined below for unpaid minimum wages, overtime wages, unpaid spread-of-hours wages, statutory damages, pre-judgment interest, attorneys' fees, and costs.

**Procedural Background**

       Plaintiff commenced this action by filing the Complaint on October 10, 2018. (Dkt. 1.) On October 17, 2018, Plaintiff filed an affidavit of service confirming service of the summons and complaint on the Defendant through the Secretary of State as Defendant's registered agent. (Dkt. 5.) Defendant did not answer the Complaint or otherwise appear.

On November 15, 2019, the Clerk of Court entered a certificate of Defendant's default. (Dkt. 10.)  Plaintiff filed a motion for default judgment on January 17, 2019.  (Dkt. 19.) The Honorable Alison J. Nathan, U.S.D.J., granted Plaintiff's motion on September 26, 2019, finding that Defendant's liability had been established.  ("Default Judgment Order"). (Dkt. 25.)  Judge Nathan then referred the matter to the undersigned for an inquest on damages and attorneys' fees.  (Dkt. 26.)  Pursuant to this Court's scheduling order for the inquest (Dkt. 27), Plaintiff filed Proposed Findings of Fact ("FF"), supporting affidavits,[1] a Damages Calculations chart, and a Memorandum of Law.  (Dkt. 30-31.)  Defendant filed no response.  The Court finds the submissions sufficient to determine damages without the need for a separate hearing.[2]

**Facts**

Because liability has already been adjudicated by default, the Court will only briefly recount the relevant facts.[3]

---

[1] The affidavits include that of Plaintiff Carlos Cid dated November 5, 2019 ("Pl. Aff. I") (Dkt. 30-2) and a second affidavit from Plaintiff dated November, 14, 2019 ("Pl. Aff. II") (Dkt. 30-4).

[2] To assess whether a plaintiff has articulated a sufficient basis for damages, a court has the discretion, but is not required, to hold a hearing to determine the amount of damages that should be awarded on a default. *See* Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Services., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989).  Here, the Default Judgment Order declined to determine damages at that time, finding that Plaintiff did not provide sufficient evidence of its damages with reasonable certainty and noting an inconsistency in Plaintiff's initial affidavit in support of default judgment regarding the number of hours worked.  (Default Judgment Order at 5.)  Plaintiff has since filed a second affidavit explaining the discrepancy.  (Pl. Aff. II at ¶¶ 2-3.)  Having reviewed the relevant material, this Court is satisfied with Plaintiff's explanation.  The issue noted in the Default Judgment Order is a result of an ambiguity in Plaintiff's first affidavit.  Plaintiff has clarified the ambiguity, and the Court finds no need for further clarification, testimony or determination of credibility.

[3] The facts are drawn from Plaintiff's Proposed Findings of Fact, which in turn cite to paragraphs in the Complaint as well as to Plaintiff's two affidavits.  As the Court will

Defendant owned and operated an auto body shop in Bronx, New York. (FF ¶ 7.) The shop engaged in interstate commerce, often servicing cars from states other than New York. (FF ¶ 9.) During each of the years relevant here, 2014-2016 and 2018, Defendant had gross receipts of not less than five hundred thousand dollars. (FF ¶ 10.)

Defendant employed Plaintiff to work at the auto body shop from approximately May 15, 2014 through December 31, 2016, and again from February 19, 2018 through May 31, 2018. (FF ¶ 8.) For his job, Plaintiff performed autobody work and detailing. (Pl. Aff. I ¶ 6.) Plaintiff's position required the exercise of neither discretion nor independent judgment. (Pl. Aff. ¶ 7.) Defendant had the power to hire and fire Plaintiff, controlled his terms and conditions of employment, and determined the rate and method of his compensation. (FF ¶ 7.) Defendant paid Plaintiff in cash and did not keep records of the hours he worked. (FF ¶ 11.) Further, Defendant did not provide Plaintiff with required information about his rate of pay, hours worked, and the like, and did not post at the workplace, or provide to Plaintiff, information about wage and hour requirements. (FF ¶ 12; Pl. Aff. I ¶¶ 18-20.)

Defendant regularly required Plaintiff to work in excess of forty hours per week without paying Plaintiff overtime. According to Plaintiff's recollection, from approximately May 15, 2014 until December 31, 2016, Plaintiff worked from 9:00 a.m. until 5:00 p.m. (for 8 hours), Monday through Friday of each week, and from 9:00 a.m. through 2:00 a.m. (for 17 hours) two Saturdays every month, for a total of approximately 48.5 hours per

---

address below, where, as here, a defendant has defaulted on liability, all the facts alleged in the complaint must be accepted as true except those relating to the amount of damages. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

week.  (Pl. Aff. I ¶ 9, Pl. Aff II ¶¶ 2-3.)  During this period, Plaintiff received a weekly salary of $450 per week.  (Pl. Aff. I ¶ 12.)  From approximately February 19, 2018 through May 31, 2018, Plaintiff did not work overtime but was not paid the minimum wage.  He worked from 10:00 a.m. through 6:00 p.m. (for 8 hours), Monday through Friday of each week, for a total of approximately 40 hours per week.  (Pl. Aff. I ¶ 10.)  During this period, he received as pay $20 per day or no more than $80 per week.  (Pl. Aff. I ¶ 12.)

Plaintiff maintains that, as demonstrated by the foregoing pay and hours, Defendant did not pay him the required minimum wage, spread-of-hours payments, or overtime pay, and did not provide Plaintiff with the required informational notices regarding his wages.  Plaintiff further alleges that Defendant knowingly and willfully violated the FLSA and NYLL.  (Complaint ¶¶ 25-26, 28-29, 31, 33, 35.)

## Analysis

In the following sections, the Court discusses the relevant legal principles and determines damages with reasonable certainty.

### A.    Default Judgment

Upon entry of default, the Defendant is deemed to have admitted liability to the plaintiff.  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). Accordingly, all the facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true.  *Finkel*, 577 F.3d at 84 (trial court is required to "accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor."); *Keystone Global LLC v. Auto Essentials, Inc.*, No. 12 Civ. 9077, 2015 WL 224359, at *3 (S.D.N.Y. Jan. 16, 2015) (same).  The court may also rely on factual allegations contained in affidavits and declarations submitted by the plaintiffs.  *See, e.g.*,

*Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Fustok*, 873 F.2d at 40. Nonetheless, a court "must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed." *SHLD, LLC v. Hall*, No. 15 Civ. 6225, 2017 WL 1428864, at *3 (S.D.N.Y. April 20, 2017); *accord Finkel*, 577 F.3d at 84. The Court already has found that Plaintiff's allegations are sufficient to establish liability. (Default Judgment Order at 3-4.)

With respect to damages, a court, rather than accepting the allegations as true, "must instead conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (in an inquest following a default, "a plaintiff must . . . substantiate a claim with evidence to prove the extent of damages"). Establishing the appropriate amount of damages involves two steps: (1) "determining the proper rule for calculating damages on . . . a claim"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Credit Lyonnais*, 183 F.3d at 155.

Plaintiff bears the burden of proving his damages with reasonable certainty based on admissible evidence. *House v. Kent Worldwide Machine Works, Inc.*, 359 Fed. App'x. 206, 207 (2d Cir. 2010). In FLSA cases such as this, however, where the employer has not submitted time or pay records, the court may presume the employee's recollection of hours to be correct. *See, e.g.*, *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d Cir. 2002) (The "employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable

inference") (citations omitted); *Pelgrift v. 335 West 41st Tavern, Inc.,* No. 14 Civ. 8934, 2017 WL 4712482, at *8 (S.D.N.Y. Sept. 28, 2017) (plaintiff's recollection and estimate of hours worked presumed to be correct even in absence of employer records); *Cao v. Chandara Corp.,* No. 00 Civ. 8057, 2001 WL 34366628, at *5 (S.D.N.Y. July 25, 2001) (same).

### B.   Statute of Limitations

The statute of limitations is six years for claims under the NYLL, and three years for claims under the FLSA if a defendant's acts are willful (and two years if they are not). 29 U.S.C. § 255(a); NYLL § 663(3); *see also Angamarca v. Pita Grill 7 Inc.,* No. 11 Civ. 7777, 2012 WL 3578781, at *4 (S.D.N.Y. Aug. 2, 2012).    The Complaint pleads willfulness, and by virtue of default, Defendant is deemed to have admitted to willful conduct.   As set forth above, Plaintiff seeks recovery for work performed during 2014, 2015, 2016 and 2018.  The lawsuit was filed on October 10, 2018. (Dkt. 1.)  All of Plaintiff's claims are therefore timely under the NYLL.

With respect to the FLSA, Plaintiff may only recover damages back to October 10, 2015.    That has no effect on the calculation of damages here, however, because a plaintiff is not entitled to recover back wages under both the FLSA and NYLL, and the court has discretion to award Plaintiff damages under "the statute providing the greatest amount of relief."  *Gamero v. Koodo Sushi Corp.,* 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017) (citing *Hernandez v. JRPAC Inc.,* No. 14 Civ. 4176, 2016 WL 3248493, at *31 (S.D.N.Y. June 9, 2016)); *see also Wicaksono v. XYZ 48 Corp.,* No. 10 Civ. 3635, 2022644, at *3 (S.D.N.Y. May 2, 2011), report and recommendation adopted, 2011 WL 2038973, at *1 (S.D.N.Y. May 24, 2011).   ("The federal minimum wage does not preempt

the state minimum wage, . . . and a plaintiff may recover under whatever statute provides the highest measure of damages"). Plaintiff may thus recover his unpaid wages for 2014 and all of 2015 under the FLSA.

## C.    Unpaid Minimum Wage

State and federal law both mandate that employees be paid at least a minimum hourly rate. 29 U.S.C. § 206(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12 ("12 NYCRR"), § 146-1.2. As New York's minimum wage was higher than the federal minimum wage during the relevant period, "Plaintiffs' damages award under the NYLL necessarily will subsume their award under the FLSA." *Hernandez*, 2016 WL 3248493, at *31. Therefore, the Court will calculate Plaintiff's recovery based on the difference between the wages Plaintiffs received and the New York State minimum wage in effect at the time. The NYLL minimum wage applicable to plaintiff's employment was $8.00 per hour during 2014; $8.75 per hour during 2015; $9.00 per hour during 2016; and, as an employee of a small business with ten or fewer employees, $12.00 per hour during 2018. NYLL § 652(1)(a)(ii).

Plaintiff was paid a fixed weekly salary during 2014, 2015 and 2016, regardless of the number of hours actually worked; and, in 2018 he received either fixed daily or weekly amount, regardless of the number of hours worked. "To determine whether an employee was compensated at or above the required minimum wage, a court "consider[s] the employee's average hourly wage, which is determined by dividing the total remuneration for employment in any workweek by the total number of hours actually worked in that workweek for which such compensation was paid." *Williams v. Epic Security Corp.*, 358 F. Supp. 3d 284, 302 (S.D.N.Y. 2019) (citing *Fangrui Huang v. GW of Flushing I, Inc.*, No. 17 CV 3181, 2019 WL 145528, at *5 (E.D.N.Y. Jan. 9, 2019)); *see also* 29 C.F.R. §§

778.09, 778.113(a) ("If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate" and providing examples).

Based on the Plaintiff's attestation to his hours and salary, his weekly rate of pay per hour was as follows:  $9.28 for 2014, 2015 and 2016 ($450 divided by 48.5 hours), and $2.00 for 2018 ($80 divided by 40 hours).  (*See* Damages Calculations, Dkt. 30-5.) For 2014, 2015 and 2016, Plaintiff received more than the minimum wage.  For 2018, however, he did not, and was underpaid by $10.00 per hour.  Having worked for Defendant for 15 weeks during 2018, 40 hours per week, Defendant was underpaid a total of $400 per week, for a total of **$6,000**.

**D.    Overtime Pay**

Plaintiff alleges violations of the FLSA's overtime provision, which states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). *See Lahcen v. Kiran Park Newsstand Inc.*, No. 11 Civ. 5998, 2014 WL 3887222, at *4 (S.D.N.Y. Aug. 7, 2014) (noting requirement to pay "time-and-a-half for . . . hours worked in excess of 40 each week"); *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195, 2012 WL 1669341, at *6 (S.D.N.Y. May 14, 2012) ("If an employee demonstrates that he has worked more than 40 hours per week, he is entitled to recover the overtime rate for any hours in excess of 40"). The same standard

applies under the NYLL. *Nakahata v. New York-Presbyterian Healthcare System, Inc.,* 723 F.3d 192, 200 (2d Cir.2013) (citing 12 N.Y.C.R.R. § 142-2.2).

As with the determination of minimum wage, an employee's regular rate of pay "is determined by dividing [the employee's] total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109; *see also* § 778.113. When a plaintiff's "regular hourly rate falls below minimum wage, however, the regular rate for purposes of calculating overtime is the relevant minimum wage." *Feng Chen v. Patel*, No. 16 Civ. 1130, 2019 WL 2763836, at *9 (S.D.N.Y. July 2, 2019); *see also Peralta v. M&O Iron Works, Inc.*, No. 12 CV 3179, 2014 WL 988835, at *7 (E.D.N.Y. March 12, 2014) (same).

Plaintiff worked 48.5 hours for 32 weeks during 2014 and all of 2015 and 2016, which means he should have been paid the 1.5x overtime rate for 8.5 hours per week. Based on his regular rate of pay for those years ($9.28 per hour), his overtime rate would have been 1.5 x 9.28 or $13.92 per hour.  Having been paid only $9.28 per hour of overtime, there is a deficit of $4.64 for each hour of overtime.  Plaintiff worked 8.5 hours of overtime each week and therefore was underpaid overtime wages of $39.44 per week, for a total of $2,051 per year, or $4,102 for 2015 and 2016 combined.  As Plaintiff worked for Defendant only 32 weeks during 2014, the overtime due for that year is $1,262. Plaintiff did not work any overtime for 2018, so no overtime compensation is due for that year.  Accordingly, the total overtime payment due to Plaintiff is **$5,364**.

This amount is more than what appears in Plaintiff's Damages Calculations.  (Dkt. 30-5.)  There, Plaintiff calculates the overtime rate based on the required minimum wage. But where, as here, the regular rate of pay exceeds the minimum wage, the proscribed

calculation of overtime is based on the employee's regular rate of pay. *Banford v. Entergy Nuclear Operations, Inc.*, 649 Fed. App'x. 89, 90 (2d Cir. 2016). As set forth above, Plaintiff's regular rate of pay, which Plaintiff correctly calculated at $9.28, exceeded the minimum wage in 2014, 2015 and 2016. The overtime rate of pay is 1.5 times that amount, not 1.5 times the minimum wage. The Damages Calculation submitted by Plaintiff thus undercounts his unpaid overtime.

## E.   Spread of Hours

New York's regulations implementing the NYLL require an additional hour's pay at the "basic minimum hourly wage rate" for any day where the employee works in excess of ten hours. 12 N.Y.C.R.R. § 142-2.4; *see Padermo v. 113-117 Realty, LLC*, No. 19 Civ. 8960, 2019 WL 6998621, at *6 (S.D.N.Y. Dec. 20, 2018) ("an employee must receive one additional hour of pay at the basic minimum hourly wage rate for each workday in which the spread of hours of the employee's workday exceeds ten hours.") (internal quotations and citation omitted). Here, during 2014, 2015 and 2016, Plaintiff worked seventeen hours on two Saturdays every month, resulting in 15 days in 2014, and 24 times for each of 2015 and 2016. During 2014, based on a minimum wage rate of $8.00, Plaintiff should have received $120 for spread-of-hours payments. During 2015, based on a minimum wage rate of $8.75, he should have received $210 for spread-of-hours payments. During 2016, at a minimum wage rate of $9.00, he should have received $216. Plaintiff does not claim any spread-of-hours payments for 2018. The total spread-of-hour damages due to Plaintiff thus is **$546**.

### F.    Liquidated Damages

Both the FLSA and the NYLL provide for liquidated damages.  Beginning with the FLSA, any employer who violates the minimum wage and overtime provisions of the FLSA is presumptively liable to the affected employees, in addition to back-pay, for 100% of the unpaid wages as liquidated damages.  29 U.S.C. § 216(b) ("Any employer who violates the provisions . . . of this title [relating to minimum wages and overtime compensation] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.").

The NYLL also provides for liquidated damages.  *Garcia v. Giorgio's Brick Oven & Wine Bar*, No. 11 Civ. 4689, 2012 WL 3339220, at *4 (S.D.N.Y. Aug. 15, 2012) ("Effective April 9, 2011, Sections 198(1-a) and 663(1) of the NYLL were amended to provide for liquidated damages equal to one-hundred percent of the amounts underpaid.").  Plaintiffs may recover liquidated damages for unpaid wages under either the FLSA or NYLL, whichever provides for a greater recovery.  *Morales v. Mw Bronx, Inc.*, No. 15 Civ. 6296, 2016 WL 4084159, at *10 (S.D.N.Y. Aug. 1, 2016).  However, they are not entitled to a double recovery of liquidated damages under both the FLSA and NYLL.  *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam) ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct.").

Because Plaintiffs has established that Defendant willfully violated the FLSA and NYLL, he is entitled to liquidated damages.  The amount of liquidated damages is equal to 100% of the amount owed to the Plaintiffs in unpaid wages, which based on the above

calculations of unpaid minimum wages, overtime wages and spread-of-hours pay, totals $11,910.  Liquidated damages therefore are also **$11,910**.

## G.     Wage Notices and Wage Statements

The NYLL requires employers to provide employees, at the time of hiring, with a wage notice containing basic information such as rate of pay known as a wage notice. An employee who was not provided a wage notice within ten business days of the first day of employment can recover damages of $50 for each workday that a violation occurs or continues to occur, not to exceed $5,000.  NYLL § 198(1-b).

In addition to the wage notice requirement, the NYLL also requires employers to provide employees with a wage statement with each payment of wages.  NYLL § 195(3). Each wage statement must list, *inter alia*, the dates of work covered by that payment of wages, the employer's address and phone number, the applicable rate or rates of pay, applicable deductions, and any allowances claimed as part of the minimum wage.  *Id.*  An employee can recover $250 for each workday that a wage statement violation occurs or continues to occur, not to exceed $5,000.  NYLL § 198(1–d).

Accordingly, where an employer fails to provide both wage statements and wage notices, an employee may recover a sum of not more than $10,000.  *Java v. El Aguila Bar Restaurant Corp.*, No. 16 Civ. 6691, 2018 WL 1953186, at *12-13 (S.D.N.Y. April 25, 2018); *Pastor v. Alice Cleaners, Inc.*, No. 16 Civ. 7264, 2017 WL 5625556, at *5 (S.D.N.Y. Nov. 21, 2017).

Here, Plaintiff has established that Defendant failed to provide him with both wage notices and wage statements. Plaintiff seeks penalties at the applicable statutory rate.

Accordingly, Plaintiff is entitled to $5,000 for violation of the wage statement requirement and $5,000 for the wage notice requirement, for a total of **$10,000**.

## H.   Attorneys' Fees

The FLSA and NYLL provide for an award of reasonable attorneys' fees and costs to a prevailing plaintiff in a wage-and-hour action.  29 U.S.C. § 216(b); NYLL § 198. "Courts ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *Tackie v. Keff Enterprises LLC*, No. 14 Civ. 2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014).  An award of attorneys' fees should be based on the court's determination of a "presumptively reasonable fee."  *Sandoval v. Materia Bros. Inc.*, No. 11 Civ. 4250, 2013 WL 1767748, at *3 (S.D.N.Y. March 5, 2013) (quoting *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 189 (2d Cir. 2008)).  This fee is calculated by multiplying "a reasonable hourly rate by the reasonable number of hours expended on the case."  *Id.*

Determining a reasonable hourly rate involves "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district."  *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005).  The hourly rates must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886,

895 n.11 (1984)); *see also Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009) (same).

Here, the Southern District of New York is the relevant community. The range of fees for wage and hour cases of this type typically run between $250 and $450, with different courts endorsing slightly different ranges. *See, e.g.*, *Shanfa Li v. Chinatown Take-Out Inc.,* No. 16 Civ. 7787, 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019) ("Experienced litigators and partners are commonly awarded between $300 and $400 per hour in FLSA cases within the Southern District of New York"); *Bisono v. TDL Restoration, Inc.*, No. 17 Civ. 9431, 2019 WL 4733599, at *2 (S.D.N.Y. Sept. 27, 2019) (same); *Villar v. Prana Hospitality, Inc.*, No. 14 Civ. 8211, 2019 WL 1387412, at *10-11 (S.D.N.Y. Feb. 4, 2019), report and recommendation adopted, No. 14 Civ. 8211, 2019 WL 1382803 (S.D.N.Y. March 27, 2019) (approving hourly fees of $350/hour and $450/hour for two attorneys on FLSA matter).

After establishing the appropriate hourly rate, a court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee. "The relevant issue . . .  is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *Mugavero v. Arms Acres, Inc.*, No. 03 Civ. 5724, 2010 WL 451045, at *6 (S.D.N.Y. Feb. 9, 2010) (same).  A court should exclude from the lodestar calculation "excessive, redundant or otherwise unnecessary hours."  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *see also*, *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d

Cir. 1997) ("If the district court concludes that any expenditure of time was unreasonable, it should exclude these hours from the lodestar calculation.").

In support of their application for attorneys' fees, counsel for Plaintiff describes their background and hourly rate and provide a statement of their billing entries. (Dkt. 30 at 8 and 30-7.)  Two attorneys have time entries.  The first is Marc Bengualid, the Managing Member of his firm.  His billing rate is $550 per hour "for work of this scope and difficulty."  (Dkt. 30 at 8.)  Mr. Bengualid has been practicing since 1990.  Etan Harris is a partner of the firm and has been in practice since 2009.  Mr. Harris's billing rate "for work of this scope and difficulty" is $425 per hour, and the itemized time entries indicate that he did the bulk of the work on this case with Mr. Bengualid involved for only a couple months in 2018.  (*Id.*)

This Court has examined the time entries submitted in connection with the work performed on this matter and finds them to be fair and reasonable. The tasks performed as reflected in the billing records are of the nature and type that would be expected for a wage-and-hour action such as this one. Further, the Court's review of the time records did not reveal entries that appeared duplicative or unnecessary.

Counsel's billing rates, however, are at the high end of the scale of reasonable and customary rates in this District for this type of work, and Mr. Bengualid's rate exceeds it. Given the relative straight-forward nature of this case, the absence of opposition, and lack of complexity, the Court finds that the attorney billing rates should be reduced by twenty percent, bringing Mr. Bengualid's rate to $440 and Mr. Harris' rate to $340.00.  Applying those rates yields total reasonable fees of **$11,040** (as compared to the $13,800 sought by counsel).

## I.    Costs and Disbursements

Awarding costs and disbursements is authorized by the FLSA and the NYLL.  29 U.S.C. § 216(b); NYLL § 198.  Such costs should only be awarded, however, when they are tied to "identifiable, out-of-pocket disbursements."  *Jemine v. Dennis*, 901 F. Supp. 2d 365, 394 (E.D.N.Y. 2012); *see also Castellanos v. Mid Bronx Community Housing Management Corp.*, No. 13 Civ. 3061, 2014 WL 2624759, at *8 (S.D.N.Y. June 10, 2014) (same); *Angamarca v. Pita Grill 7, Inc.*, No. 11 Civ. 7777, 2012 WL 3578781, at *14 (S.D.N.Y. Aug. 2, 2012) (approving court filing fee and $600 in service of process fees for default judgment in FLSA and NYLL case); *Kahlil v. Original Old Homestead Restaurant, Inc.,* 657 F. Supp. 2d 470, 478 (S.D.N.Y.2009) ("Fee awards include reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") (internal quotations omitted); *Ming Hui v. Shorty's Seafood Corp.*, No. 15 CV 7295, 2017 WL 5054401, at *13 (E.D.N.Y. Sept. 6, 2017), report and recommendation adopted, No. 15 CV 7295, 2017 WL 5125527 (E.D.N.Y. Nov. 2, 2017) (describing court filing fees and service of process fees as "routinely recoverable" in wage-and-hour cases).

Counsel's submission denotes costs and disbursements in the amount of $465 for the Court's filing fee and process server fees.  (Dkt. 30-7.)  The Court finds these costs to be fair and reasonable, and accordingly recommends an award of costs and disbursements in the total amount of **$465**.

## J.    Pre-Judgment Interest

Under the FLSA, awards of federal liquidated damages serve as a form of compensatory pre-judgment interest.  *See, e.g.*, *Cesario v. BNI Construction, Inc.*, No. 07 Civ. 8545, 2008 WL 5210209, at *6 (S.D.N.Y. Dec. 15, 2008), report and recommendation

adopted, No. 07 Civ. 8545, 2009 WL 424136 (S.D.N.Y. Feb. 19, 2009) (calculating prejudgment interest on default judgment on FLSA overtime wages); *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 321 (S.D.N.Y. 2014) (awarding pre-judgment interest on unpaid minimum wages, spread of hours, and overtime). *See also Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008). For that reason, a plaintiff who receives FLSA liquidated damages may not also receive pre-judgment interest. *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir.1988); *Galeana*, 120 F. Supp. 3d at 321.

In contrast, liquidated damages under the NYLL are considered punitive in nature, thus enabling a plaintiff to recover both liquidated damages and pre-judgment interest. *Yu G. Ke,* 595 F. Supp. 2d at 262 (quoting *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 265 (2d Cir.1999)); *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071, 2009 WL 289653, at *7 (S.D.N.Y. Jan. 30, 2009), report and recommendation adopted sub nom, *Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009) ("The Second Circuit has held that where a plaintiff is awarded liquidated damages under New York Labor Law, pre-judgment interest . . . is appropriate."). Accordingly, Plaintiff here is eligible to recover pre-judgment interest on his NYLL claims. *See, e.g.*, *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 594 (S.D.N.Y. 2012) (applying pre-judgment rate to NYLL claims); *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) (same).

Pre-judgment interest under New York law for unpaid wages is calculated at a rate of 9% per annum. N.Y. C.P.L.R. § 5004. To determine the time period for application of that rate, interest may be calculated from "the earliest ascertainable date the cause of

17

action existed." N.Y. C.P.L.R. § 5001(b). However, where, as here, "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.* To that end, courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir.1994) (citing C.P.L.R. § 5001(b). Accordingly, the Clerk should enter judgment using the median-date method at a rate of 9% to the date of entry on the total unpaid wages of $11,910 as follows:

|      | Min. Wage | Overtime | Spread | **Total $** | **Midpoint Date** |
|------|-----------|----------|--------|-------------|-------------------|
| 2014 | --        | $1,202   | $120   | **$1,322**  | **9/7/2014**      |
| 2015 | --        | $2,051   | $210   | **$2,261**  | **7/1/2015**      |
| 2016 | --        | $2,051   | $216   | **$2,267**  | **7/1/2016**      |
| 2018 | $6,000    | --       | --     | **$6,000**  | **4/10/2018**     |

## K.    Summary of Damages, Fees and Costs

Plaintiffs are entitled to recover their unpaid wages, liquidated damages, damages for violations of wage notice and statement requirements, attorneys' fees, costs, and pre-judgment interest in the following amounts:

| Unpaid Minimum Wages         | $6,000  |
|------------------------------|---------|
| Unpaid Overtimes             | $5,364  |
| Unpaid Spread-of-Hours       | $546    |
| Liquidated Damages           | $11,910 |
| Notice/Statement Violations  | $10,000 |

| Attorneys' Fees | $11,040 |
| Costs and Disbursements | $465 |
| Pre-Judgment Interest on Unpaid Wages | To Be Determined by Clerk |

### Conclusion

For the foregoing reasons, I recommend awarding Plaintiff damages, fees, costs and interest in the amount of **$45,325** plus pre-judgment interest on unpaid wages as determined by the Clerk of Court.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Alison J. Nathan, U.S.D.J., United States Courthouse, 40 Foley Square, New York, NY 10007 and to the Chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007.  **Failure to file timely objections will preclude appellate review.**

Respectfully submitted,

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:       January 30, 2020
             New York, New York

Copies transmitted to all counsel of record and mailed to:

J.T. Auto & Body Shop, Inc.
Secretary of State of the State of New York
99 Washington Avenue, Albany, NY 12210

19